[Civ. No. 5997.   Fourth Dist.   Dec. 14, 1959.]

CITIZENS NATIONAL TRUST AND SAVINGS BANK OF RIVERSIDE (a National Banking Association), Respondent, v. STEVE NIKOLOPULOS et al., Appellants.

Joseph A. Katz and Homer M. Bail for Appellants.

Charleville & Henry and Swarner & Fitzgerald for Respondent.

MONROE, J. pro tem.*—The plaintiff bank commenced this action to recover upon a written contract of guaranty dated May 10, 1956, executed by the defendant Steve Nikolopulos. Plaintiff sought also to set aside certain transfers of real property from said defendant to his wife. Subsequent to the written guaranty the partnership doing business as Valley Meats and Provisions Company, whose indebtedness was guaranteed, executed two notes dated June 1, 1956, one for $25,000 and one for $26,945. Action was commenced upon the guaranty one week later. The defendant, by his answer, alleged that the execution of the continuing guaranty was the result of false and fraudulent representations made to defendant concerning the financial affairs of Valley Meat and Provisions Company, upon which he relied. The case was tried before a jury, who found the issues in favor of the defendant. A motion for new trial based upon the insufficiency of the evidence to justify the verdict was granted and defendant appeals.

The question of the sufficiency of the evidence to support a verdict of the jury is primarily addressed to the trial court. It is the duty of the trial court upon motion for new trial to weigh the testimony, and the order granting a new trial will not be disturbed unless it appears that there has been an abuse of discretion. (*Hutton* v. *Pagni,* 167 Cal. App.2d 14 [333 P.2d 826].)

The defendant testified that Mr. Robert B. Shears, a representative of the plaintiff bank, made certain statements of fact concerning the business of the Valley Meat and Provisions Company upon which defendant relied. The partnership consisted of Mr. Mehess, Mr. Tinios and Mr. Fisher. Defendant testified that Mr. Mehess requested him to execute the guaranty and that before doing so he discussed the matter with Mr. Shears before signing. Mr. Shears denied making the representations. Mr. Mehess and Mr. Tinios gave testimony which would indicate that the representations alleged to have been made were untrue. Mr. Fisher gave testimony indicating that those representations made were substantially true. The financial statement made by the accountant employed by the partnership indicated the correctness of the statements. The statements relied upon in the evidence had to do with the assets of the partnership and the gross business done by it, saying nothing about the amount of indebtedness or the fact that the company was operating at a loss. From

---

*Assigned by Chairman of Judicial Council.

the evidence it appears that the partnership was, in fact, insolvent, and it would appear that the jury felt that defendant would not have voluntarily guaranteed its obligations had he known the facts.

However, defendant relied upon certain definite representations of fact, the evidence was conflicting, and on a motion for a new trial, it was for the trial court who heard the testimony and observed the witnesses to determine the weight of the evidence. The record shows nothing to indicate an abuse of discretion upon the part of the trial court in granting a new trial and this court may not substitute its opinion of the facts for that of the trial judge.

Order granting new trial affirmed.

Griffin, P. J., and Shepard, J., concurred.